CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 3 1 2015

JULIA C. DUDLEY, CLERK
BY: _S. Taylor_
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **LESLIE REDMOND,** | ) | **CASE NO. 7:15CV00101** |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **MR. ZYTCH, WARDEN,** | ) | **By:  Hon. Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Respondent.** | ) | |

Leslie Redmond,[1] an inmate at the United States Penitentiary in Jonesville, Virginia, filed this pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  Redmond alleges that his federal criminal sentence as imposed is unlawful under Alleyne v. United States, __U.S.__, 133 S. Ct. 2151 (2013).  Upon review of the record, the court concludes that the petition must be summarily dismissed.

In 2005, pursuant to a plea of guilty entered in the United States District Court for the Northern District of Texas, Redmond was convicted of four counts of armed bank robbery, two counts of bank robbery, and two counts of using, carrying and brandishing a firearm during and in relation to a crime of violence. He was sentenced to a total of 33 years imprisonment. The United States Court of Appeals for the Fifth Circuit dismissed petitioner's direct appeal as frivolous.  United States v. Redmond, 256 F. App'x 655 (5th Cir. 2007), cert. denied, 552 U.S. 1221 (2008).  Redmond's motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 was unsuccessful, as were his subsequent motion for certification to file a second § 2255 motion and a habeas petition under 28 U.S.C. § 2241, challenging the validity of his sentence.

---

[1]  Petitioner states his name as "Redmond Leslie" in the heading of his petition, and the court used that name on its docket.  In other portions of his submissions, however, and in court proceedings in other districts, petitioner's name is stated as "Leslie Redmond."  Therefore, the court will direct the clerk to amend the docket to make this correction of petitioner's name and will refer to him as Redmond for purposes of this opinion.

Then, the Supreme Court issued its decision in <u>Alleyne v. United States</u>, which holds that any fact that triggers a mandatory minimum penalty is an "element" of the offense that must be alleged in a charging document and proven beyond a reasonable doubt. Redmond asserts that his plea agreement did not stipulate that he brandished the firearm during the bank robbery so as to be subject to a seven-year mandatory minimum, consecutive sentence under 18 U.S.C. § 924(c)(1)(A), but nevertheless, he received the enhanced sentence. Redmond filed another petition seeking authorization to file a second or successive § 2255 motion in light of <u>Alleyne</u>. The United States Court of Appeals for the Fifth Circuit denied his petition, based on the fact that the Supreme Court has not made the rule announced in <u>Alleyne</u> retroactively applicable to cases on collateral review, as required to qualify for authorization to file a second § 2255 motion. Accordingly, Redmond now presents his <u>Alleyne</u> challenge to his sentence in this court under the heading of a § 2241 petition.

Redmond's claim challenges the legality of his federal sentence as imposed. Such claims must normally be raised on appeal or in a § 2255 motion in the sentencing court. <u>In re Jones</u>, 226 F.3d 328, 332 (4th Cir. 2000). Petitioner's § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under the <u>Jones</u> decision. 226 F.3d at 333-34 (finding that challenge to federal conviction is barred from review under § 2241 absent a showing that under post-conviction change in law, petitioner's offense conduct is no longer criminal).

The current petition fails to state facts on which Redmond could satisfy the <u>Jones</u> standard, as he offers no indication that his offense conduct—brandishing a firearm during a bank robbery—is no longer criminal in light of <u>Alleyne</u>. Such a showing is required to proceed

2

with his claims under § 2241. Therefore, the court will dismiss the petition without prejudice.[2]
A corresponding final order shall issue this day.

ENTER: This _31st_ day of March, 2014.

*[signature]*

Chief United States District Judge

---

[2] Redmond's current claim that he is aggrieved by the enhanced sentence under § 924(c) for brandishing a firearm is belied by the record. In dismissing Redmond's § 2255 motion claims of ineffective assistance of counsel with regard to the plea agreement, the district court noted:

> If convicted of all four firearm counts, Petitioner would have faced at the very least a mandatory minimum sentence of 82 years imprisonment (7 years for the first firearm charge, and 25 years each for the remaining three firearm counts). By any standard, the plea agreement, which limited his sentencing exposure to two firearm counts (carrying an aggregate mandatory minimum sentence of 32 years) was a very favorable disposition of the criminal charges.

Redmond v. United States, Nos. 3:08-CV-1129-K, 3:03-CR-377-K, 2009 WL 81090, at *2 (N.D. Tex. 2009).

3